UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL WILLIAMS, *et al.*,

Plaintiffs,

v.

CITY OF JACKSON, *et al.*,

Defendants.

Case No. 21-10749
Honorable Robert H. Cleland
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO DENY PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 22]**

---

I.    **Introduction**

Plaintiffs are rental property owners who sue the city of Jackson and

various city officials to challenge the city's rental inspection ordinance.

ECF No. 1.[1]  Plaintiffs move to enjoin defendants from enforcing the

ordinance.   ECF No. 22.  The Court held a hearing on January 3, 2022 and

finds that the motion should be denied.

---

[1] The Honorable Robert H. Cleland referred this matter to the undersigned
for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 6.

## I.    Background

This case stems from Jackson's ordinance that requires owners of non-owner-occupied rental properties to register their properties, submit to inspections, and comply with habitability standards.  ECF No. 22-1.  The purpose of the ordinance is to "safeguard the health, safety, and welfare of the occupants of the dwellings and the general public."  ECF No. 22-1, PageID.264, § 14-42(1).

The ordinance provides that when an inspection is necessary to enforce provisions of the code, "the chief building official, chief of police and fire official" are "authorized to conduct inspections…at a reasonable time" and "in a manner best calculated to secure compliance with this article and appropriate to the needs of the community."  *Id*., PageID.264-265, § 14-42(1)-(3).  In an emergency, the enforcing officials have a "right to enter at any time."  *Id.*, PageID.265, § 14-42(4).  But "[i]n a nonemergency situation or where the owner or occupant of any dwelling demands a warrant for inspection of the premises," the enforcing officials "shall obtain a warrant from a court of competent jurisdiction."  *Id.*, § 14-42(5).

Plaintiffs own several properties in Jackson that are subject to the ordinance.  ECF No. 1; ECF No. 22, PageID.234.  In their motion for

2

preliminary injunction, they alleged no constitutional injuries from defendants' enforcement of the ordinance.  Rather, they contended that they face imminent criminal charges and loss of property rights because they "intend to refuse all further efforts by the City to (1) inspect the properties; and (2) collect fees to fund the inspection of the properties." ECF No. 22, PageID.234.

In their reply brief, they complained that defendants executed an administrative warrant search on Plaintiff Nathaniel Williams' property on Homewild Avenue in October 2017, charged him search warrant fees of $835.52, and "instituted a criminal proceeding against" him for "failing to pay the warrant fees."  ECF No. 30, PageID.401-402.  An exhibit to plaintiffs' reply brief shows that, when executing the search warrant, inspectors found 88 violations and issued a notice to vacate the property because it lacked water service.  *Id*., PageID.424.

Plaintiffs also submit documents showing that inspectors forced entry into an apartment Williams owns on Second Street, allegedly destroying a door and its lock, when executing an administrative search warrant.  ECF No. 30-3.  Before the search, inspectors had notified Williams of exterior violations and of their intention to execute the search warrant.  *Id.*  At the

hearing, plaintiffs' counsel agreed that the inspectors had no alternative but to force entry to execute the search warrant.

Plaintiffs' counsel asserted at the hearing that Jackson has conducted some searches without a warrant, but the only example he had related to an exterior inspection of a parked car at his Second Street property.  ECF No. 30-4.

Plaintiffs assert that the inspection ordinance is invalid because it violates due process and their rights against unconstitutional searches and seizures.  ECF No. 1; ECF No. 22.

## II.    ANALYSIS

### A.

Plaintiffs' title their motion as being for a temporary restraining order and preliminary injunction.  A court may issue a preliminary injunction only after notice to the adverse party, or an *ex parte* temporary restraining order not exceeding 14 days to maintain the status quo.  Fed. R. Civ. P. 65; *Workman v. Bredesen,* 486 F.3d 896, 922 (6th Cir. 2007).  Plaintiffs do not ask for a temporary restraining order to maintain the status quo, so the Court construes their motion as one for preliminary injunction only.

Preliminary injunctive relief under Federal Rule of Civil Procedure 65 is an "extraordinary remedy." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). To decide whether an injunction is warranted, the Court must consider four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the preliminary injunction would cause substantial harm to others; and (4) whether the requested relief would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). These factors guide the Court in resolving the motion but are not rigid prerequisites. *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995). That said, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The movant bears a heavy burden of proving entitlement to injunctive relief. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiffs do not meet their heavy burden.

**B.**

The main reason that plaintiffs' motion for preliminary injunction should be denied is because they do not have a strong likelihood of success on the merits.

In their complaint and motion for preliminary injunction, plaintiffs asserted a facial challenge to Jackson's ordinance.  ECF No. 1, PageID.13. "A facial challenge to a law's constitutionality is an effort to invalidate the law in each of its applications, to take the law off the books completely." *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013) (citation and quotation marks omitted).  To succeed on a facial attack, plaintiffs must establish that the city's inspection scheme is invalid under all circumstances.  *Id*.; *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 691 (6th Cir. 2014).

In their reply brief, plaintiffs try to add an as-applied challenge, arguing "that a law is unconstitutional as enforced against the plaintiffs before the court."  *Speet*, 726 F.3d at 872.  "It is well-settled that a movant cannot raise new issues for the first time in a reply brief."  *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012).  The reason for this rule is that consideration of new issues raised for the first time in a reply brief "deprives the non-moving party of its opportunity to address the

6

new arguments."  *Hickman v. Sloan Fluid Accessories, Inc*., 833 F. Supp.

2d 822, 828 (E.D. Tenn. 2011) (citation and quotation marks omitted).

Plaintiffs' as-applied challenge could be denied on that basis alone.

But there is a more fundamental reason to reject plaintiffs' as-applied

challenge.  Both the as-applied and facial attacks lack merit.

### 1.    Fourth Amendment

As plaintiffs emphasize, warrantless inspections of rental properties

implicate the Fourth Amendment.  *Camara v. Mun. Court of City & Cty. of*

*San Francisco*, 387 U.S. 523 (1967).  A municipality must have a "warrant

procedure [that] is designed to guarantee that a decision to search private

property is justified by a reasonable governmental interest."  *Id*. at 539.

Without a warrant, "the subject of administrative searches must be afforded

an opportunity to obtain pre-compliance review before a neutral

decisionmaker."  *City of Los Angeles, Calif. v. Patel*, 576 U.S. 409, 420

(2015); *see also Halpern 2012, LLC v. City of Ctr. Line*, 404 F. Supp. 3d

1109, 1121 (E.D. Mich. 2019), *aff'd sub nom*. *Halpern 2012, LLC v. City of*

*Ctr. Line, Michigan*, 806 F. App'x 390 (6th Cir. 2020) (holding that an

ordinance violated the Fourth Amendment because it did not provide for

any pre-compliance review and inspections were performed without a

warrant).  But when "a warrant justifies an officer's search, the subject of

7

the search must permit it to proceed."  *Patel*, 576 U.S. at 418-19; *see also*

*Inv. Realty Servs., LLC v. City of Allen Park*, No. 18-11476, 2020 WL

230272, at *6 (E.D. Mich. Jan. 15, 2020) (same).

Jackson's ordinance complies with the Fourth Amendment by

requiring enforcing agents to "obtain a warrant from a court of competent

jurisdiction" before entering property without the owner's consent.  ECF No.

34-2, PageID.434, § 14-42(5); *Patel*, 576 U.S. 409, 419-21.  Plaintiffs

complain that Jackson's ordinance allows *ex parte* warrants and "provides

no means for *bi-parte* review in front of a neutral decisionmaker or post-

deprivation appeal or review."  ECF No. 22, PageID.233-234.  But the

Fourth Amendment permits officers to conduct inspections, even surprise

ones, when they are armed with an *ex parte* warrant.  *Patel*, 576 U.S. at

427 ("[N]othing in our decision today precludes an officer from conducting a

surprise inspection by obtaining an *ex parte* warrant.").  And when officers

have a warrant for an inspection, the property owner must "permit it to

proceed."  *Id*. at 418-19.

Plaintiffs argue that Jackson has at times conducted searches without

a warrant.  No evidence supports this argument.  And if inspectors did

search a property without a warrant, in violation of the Fourth Amendment

and Jackson's ordinance, that would not be grounds to enjoin enforcement of the ordinance.

Plaintiffs are also wrong when they assert that Jackson's ordinance gives them no opportunity for post-enforcement appeal or review.  A property owner served with a notice of violations may appeal to the building code board of examiners and appeals.  ECF No. 22-1, PageID.266-269, §§ 14-45(5), 14-48, 14-51(a).  And plaintiffs' suggestion that Jackson's imposition of inspection fees is unconstitutional lacks merit.  In *Halpern 2012 LLC v. City of Ctr. Line, Michigan,* the court held that an ordinance requiring rental property owners to pay registration and inspections fees was legal.  806 F. App'x 390, 395-96 (6th Cir. 2020).  The court explained that "rental-property registration and inspection requirements are reasonable means of advancing its governmental interests in public safety and welfare, and it may impose reasonable fees to offset the costs of advancing those interests."  *Id*.

Plaintiffs claim that Jackson's fees are unreasonable, but they provide no case law or analysis to show a likelihood that they will succeed on that argument.  Besides, the fee schedule is not part of the ordinance, so Jackson should not be enjoined from enforcing the ordinance even if the fees are excessive.  *See* ECF No. 22-1.  Plaintiffs argue that Jackson's fee

9

and license requirements are intertwined with the inspection requirement, and that the Court should therefore enjoin all enforcement of Jackson's inspection policies.  ECF No. 22, PageID.251.  This throw-out-the-baby-with-the-bath-water argument lacks merit.  *See Halpern*, 806 F. App'x at 395 (rejecting plaintiff's request for refund of inspection fee even though ordinance unconstitutionally required neither pre-compliance review nor warrant before an inspection).

## 2.   Fifth Amendment

Plaintiffs also make an undeveloped argument that Jackson's ordinance violates their Fifth Amendment due process rights.  ECF No. 22, PageID.244-245.  "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (citation and internal quotation marks omitted).

Plaintiffs' Fifth Amendment due process claim would fail even if it had been adequately developed.  Due process "protects only against state action that is not otherwise proscribed in the plain text of other constitutional amendments."  *MS Rentals, LLC v. City of Detroit*, 362 F. Supp. 3d 404, 414 (E.D. Mich. 2019).  The Fourth Amendment proscribes unreasonable searches, so plaintiffs' "more general claim of substantive

due process is not available." *Id.* And even if the Fifth Amendment

applied, plaintiffs do not specify any deficiencies in the process here.

**D.**

Plaintiffs' motion should be denied for lack of likelihood of success on

the merits, even without consideration of the remaining preliminary

injunction factors. *Gonzales*, 225 F.3d at 625. But consideration of those

remaining factors provides more support for this Court's recommendation

that the motion to denied. The second factor is whether plaintiffs would

suffer irreparable harm without the requested injunction. *Tumblebus*, 399

F.3d at 760. Because plaintiffs' claims lack merit, they cannot show that

they would suffer irreparable harm that is recognized by the constitution if

their motion is denied.

The third and fourth factors are whether issuance of the preliminary

injunction would cause substantial harm to others and whether the

requested relief would serve the public interest. *Id.* The public would be

harmed if this Court enjoined Jackson from enforcing its ordinance, which

is designed "to protect the health, safety and welfare" of Jackson residents.

ECF No. 22-1, PageID.269, § 14.50(a). Courts recognize that ordinances

intended to protect public safety and welfare through inspection of rental

properties serve legitimate governmental interests. *Halpern 2012*, 806 F.

11

App'x at 395.  "There is unanimous agreement among those most familiar with this field that the only effective way to seek universal compliance with the minimum standards required by municipal codes is through routine periodic inspections of all structures."  *Camara*, 387 U.S. at 535–36.  ECF No. 30-2, PageID.421-423.

The administrative proceedings about Williams' property illustrate that enjoining Jackson's ordinance would violate the public interest.  ECF No. 30-2.  Allowing him to rent his property despite inspectors finding 88 violations, including the lack of water service, would undermine the public interest.  *Id*., PageID.424.

## III.   Conclusion

The Court **RECOMMENDS** that plaintiffs' motion for preliminary injunction, ECF No. 22, be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 4, 2022

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

12

72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 4, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
