UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL WILLIAMS et al.,

      Plaintiffs,

Case No. 21-cv-10749

v.

HON. MARK A. GOLDSMITH

CITY OF JACKSON et al.,

      Defendants.

_____/

**OPINION & ORDER
(1) CONTAINING FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING BENCH TRIAL AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF (Dkt. 101)**

Plaintiffs Nathaniel Williams and his limited liability companies brought this lawsuit against Defendants City of Jackson and individual City officials to challenge the City's Non-Owner-Occupied Residential Property Registration (NOORPR) ordinance and the way the ordinance is applied. Plaintiffs alleged Fourth, Fifth, and Fourteenth Amendment violations; a violation of Michigan's Headlee Amendment; a claim for unconstitutional conditions; and a claim for unjust enrichment. See Compl. (Dkt. 1).

Defendants moved for summary judgment as to all claims (Dkt. 64). The Court granted the motion as to all claims except Plaintiffs' claim that the NOORPR ordinance imposes "unconstitutional conditions" under the Fifth and Fourteenth Amendments in connection with the City's inspection of rental properties under the ordinance. See 1/19/24 Op. & Order (Dkt. 73). The claim for unconstitutional conditions is premised on Plaintiffs' allegations that the City charges additional fees to property owners who demand that the City secure a warrant prior to inspecting their properties, i.e., additional fees that are not charged to property owners who do not

make such a demand. See Compl. The full factual background is set forth in the January 19, 2024 opinion and order.

After a status conference held on April 18, 2024, the Court ordered briefing on the issue of damages only. 4/22/24 Order (Dkt. 84). Defendants then filed their motion for summary judgment regarding damages (Dkt. 85). In its June 27, 2024 opinion and order granting the motion in part and denying it in part, the Court awarded summary judgment to Plaintiffs on their claim for unconstitutional conditions and found injunctive and declaratory relief was warranted. See 6/27/24 Op. & Order at 2–3 (Dkt. 91).

In so finding, the Court pointed to the testimony of Shane LaPorte, the City's director of neighborhood and economic operations, acknowledging that fees were charged when a property owner insisted that the City obtain a warrant for an inspection:

> [W]hen asked the question: "As of 2022, are [property owners] still charged the administrative fees for getting an administrative search warrant?," LaPorte answered: "Yes." [LaPorte Dep. Tr.] at 19. He also answered "yes" when asked whether the City "make[s] it known to property owners or tenants that . . . this refusal of entry will . . . cause them to get these lockout charges and these administrative warrant changes [sic] [.]"

Id. at 3 (citing 1/19/24 Op. & Order at 10).

The Court granted summary judgment to Defendants regarding all monetary relief, except for restitution. Id. at 4–9. Specifically, the Court found that, to the extent that Plaintiffs paid fees for an inspection that exceeded the amount they would have been charged had they not made a warrant demand, they were entitled to the return of that excess. Id. at 8–9. Thus, they were entitled to make their case for restitution at trial. Id.

The Court conducted a one-day bench trial on July 10, 2024. The parties submitted proposed findings of fact and conclusions of law, see Dkts. 100, 102, as well as proposed

2

judgments. Considering all the evidence, the Court finds that Plaintiffs have not proven that they are owed anything in restitution. The Court awards only injunctive and declaratory relief.

## I. ANALYSIS

The availability and character of both monetary relief and injunctive relief were at issue during this trial. The Court will first address Plaintiffs' claim to restitution before turning to the question of injunctive and declaratory relief.

### A. Restitution

In its June 27, 2024 opinion and order, the Court explained the nature of the potential restitution as follows:

> To the extent that Plaintiffs paid fees for an inspection that exceeded the amount they would have been charged had they not made a demand that the City obtain a warrant, they are entitled to the return of that excess. . . . The only equitable approach is for Defendants to return any excess fees because they may not retain funds that they improperly demanded, no matter what nomenclature Defendants utilized.

6/27/24 Op. & Order at 8–9.

In order to demonstrate that such restitution was owed, Plaintiffs would have needed to present evidence (i) that they demanded that the City obtain warrants for inspections for which fees were charged, (ii) that those fees were higher than they would have been had Plaintiffs not demanded warrants for those inspections, and (iii) of how much higher those fees were than they would have been had Plaintiffs not demanded warrants. The Court finds that Plaintiffs failed to prove the last proposition, and thus failed to prove that any restitution was owed.

The statute of limitations creates the timeframe for which restitution would potentially have been recoverable. The parties agreed prior to trial that the statute of limitations for damages for a § 1983 claim is three years, and that to the extent Plaintiffs paid fees prior to April 2, 2018—three years before the lawsuit was filed—those amounts could not be reimbursed. See Pl. Suppl. Br. at

3

4–5 (Dkt. 96).

The parties also agreed prior to trial that the only properties for which Plaintiffs had paid any of the assessed fees—and therefore, the only properties for which Plaintiffs could claim possible restitution—were the properties located at 415 N. Van Dorn Street and 263–265 Cooper Street. See Am. Joint Statement on Issues for Trial at 1–4 (Dkt. 95). Plaintiffs state that they paid $6,838.82 in inspection-related fees when the property at 415 N. Van Dorn was sold on October 4, 2023, and that they paid $7,412.05 for inspection-related fees when the property at 263–265 Cooper was sold on January 27, 2021. See Pl. Proposed Findings of Fact and Conclusions of Law (PFFCL) at 2–3 (Dkt. 100) (citing Trial Tr. at 33, 61 (Dkt. 99)). They seek reimbursement for the full amounts paid on both properties.

At trial, the parties spent much time addressing whether Williams could identify when he made demands for a warrant as to a particular property. See Trial Tr. at 44–63. He could not. See id. Because Plaintiffs were unable to provide evidence as to which particular inspection-related fees were assessed after warrants were requested and which were not, Plaintiffs rely on their contention that they had made a blanket demand that the City obtain warrants for any and all inspections at their properties. See Pl. PFFCL at 2. It is true that Williams testified during trial that he believed he had made it clear to the City that if it inspected any of his properties, it had to get a warrant. Trial Tr. at 20–22, 43. But he was not specific regarding when this blanket demand was made. Trial Tr. at 20–21.

The issue is ultimately irrelevant because Plaintiffs did not prove any amount for restitution. They failed to provide any testimony or other evidence to establish the dollar amount of what they were assessed in excess of what they would have been assessed had a warrant not been requested.

4

In their proposed findings of fact and conclusions of law, Plaintiffs argue that it is not possible for them to provide calculations as to what excess fees they were charged and paid. See Pl. PFFCL at 2–3. At trial, defense counsel asked Williams: "Can you tell me how much you're claiming for restitution, money that you've paid extra on this property as a result of demanding a search warrant?" Trial Tr. at 62. Williams responded: "<u>No, that's why I don't want the restitution right now</u>. I want some, you know, the Court to order some examination or re-budgeting to be able to figure that out because there's no way to determine that." Id. (emphasis added).

Plaintiffs' theory was that the entire fee structure of the inspection program was somehow tainted, including the fees charged to property owners who did not demand warrants. Id. at 4–6, 16–18; Am. Joint Statement on Issues for Trial at 5. For that reason, Plaintiffs wanted the Court to fashion some relief by way of examining and reforming the inspection budget in total. Trial Tr. at 16–18; Pl. Mot. for Inj. at 3.

But the Court stated on the record at trial after opening statements—consistent with its June 27 opinion and order—that the only issue for trial was the "potential monetary recovery for any inspection fees that were paid after insisting that the City get a warrant and that exceeded the fees that would have been charged had [Plaintiffs] not made that demand." Trial Tr. at 10–11. Plaintiffs' theory that the City's fee structure was unlawful was not relevant to the question to be tried and was never pleaded in the complaint. At the beginning of the trial, the Court made clear it would not be addressing Plaintiffs' "budget" theory, see Trial Tr. at 16–19, and it will not address it now.

The only issue at trial was whether Plaintiffs could demonstrate that they paid fees for inspections that exceeded the amount they would have been charged had they not made a demand that the City obtain a warrant. Plaintiffs did not do so. Therefore, the Court finds that Defendants

5

owe no restitution to the Plaintiffs.[1]

### B. Injunctive and Declaratory Relief

Along with their post-trial submissions, Plaintiffs filed a motion for an injunction (Dkt. 101) requesting that the Court (i) discharge all amounts Plaintiffs owe to the City under the NOORPR, (ii) enjoin Defendants from enforcing any NOORPR provision currently assessing any fees beyond an initial inspection fee incurred based on a property owner or tenant requesting a warrant for an inspection, (iii) require Defendants to rebudget its NOORPR program, and (iv) declare Defendants subject to enforcement actions in this court, should they charge any additional fees or threaten any additional fees for a property owner or tenant requesting a search warrant. The Court grants this motion in part and denies it in part.

In its June 27, 2024 opinion and order, the Court granted summary judgment to Plaintiffs on their unconstitutional conditions claim. 6/27/24 Op. & Order at 4. The Court already stated the kind of relief it would grant. To the extent Plaintiffs' motion is seeking any additional or different kinds of relief, it is a tardy motion for reconsideration and is denied as to any such request. See E.D. Mich. L.R. 7.1(h).

Pursuant to that opinion, Plaintiffs are granted declaratory relief on their claim for

---

[1] Defendants raised the issue of standing in connection with the claim for restitution, arguing that Plaintiffs, being landlords as to the two occupied properties, had no protectible privacy interest in the properties as to which they were seeking restitution. Am. Joint Statement on Issues for Trial at 6–7. But that issue is now moot. Although Defendants did not argue standing with regard to injunctive and declaratory relief, Plaintiffs would have standing to seek such relief because that relief would not be confined to properties occupied only by tenants. It would include unoccupied properties to which Plaintiffs, as landlords, would have access, and therefore a protectible Fourth Amendment privacy interest. See Mangino v. Inc. Vill. of Patchogue, 739 F. Supp. 2d 205, 234 (E.D.N.Y. 2010) ("A landlord generally does not have a reasonable expectation of privacy with respect to property that he has rented to a tenant and that is occupied by that tenant.") (emphasis added); Dearmore v. City of Garland, 400 F. Supp. 2d 894, 900 (N.D. Tex. 2005) ("The property owner . . . has not relinquished his standing or expectation of privacy in situations where the property is not occupied.").

unconstitutional conditions, and Defendant City of Jackson will be enjoined from threatening to assess or assessing any fees under the NOORPR against property owners who request warrants prior to inspections that exceed the amount charged to property owners who do not request warrants prior to inspections. A separate judgment embodying the injunctive and declaratory relief will be entered.

## II. CONCLUSION

For the reasons explained above, as to Plaintiffs' claim for unconstitutional conditions, the Court (i) denies Plaintiffs' claim for restitution and (ii) grants Plaintiffs declaratory and injunctive relief regarding the charging of excess fees for property owners demanding that warrants be obtained prior to City inspections.

SO ORDERED.

Dated: September 27, 2024             s/Mark A. Goldsmith
      Detroit, Michigan                MARK A. GOLDSMITH
                                           United States District Judge